UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| PAMELA TRAPASSO,<br>　　　Plaintiff,<br><br>v.<br><br>CARROLL'S LLC, d.b.a. CARROLL<br>TIRE COMPANY, TBC CORPORATION,<br>JAMES HALLENBECK, and<br>RICHARD STACEY,<br>　　　Defendants. | Civil Action No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

Plaintiff Pamela Trapasso brings this action for equitable relief and compensatory and punitive damages against her former employer, Carroll's LLC and TBC Corporation, and supervisors James Hallenbeck and Richard Stacey, for discriminatory acts in violation of the Americans with Disabilities Act and the Massachusetts Anti-Discrimination Statute, Massachusetts General Law chapter 151B. Defendants discriminated against the Plaintiff when they changed the terms and conditions of her employment on account of her disability, refused to engage in an interactive dialogue regarding possible disability-related accommodations, refused to provide a reasonable accommodation to her known disability, and terminated her employment due to her disability.

When Ms. Trapasso, a long-term employee, informed her employer that she needed time off from her part-time position for cancer treatment, Defendants immediately responded by eliminating her part-time position and limiting their offer of continued employment to a full-time position. Defendants further refused to engage in an interactive dialogue regarding Ms. Trapasso's request for reasonable accommodations in the terms and conditions of her employment, failed to reasonably accommodate her known disability and terminated her from employment. Defendants also retaliated against Ms. Trapasso when she attempted to exercise rights guaranteed to her under state and federal disability law. These discriminatory acts and omissions were in violation of the Americans with Disabilities Act (ADA), as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12112 *et seq.* and Massachusetts General Laws Chapter 151B § 4.

Plaintiff seeks declaratory and equitable relief designed to assure that the Defendants discontinue their illegal practices. Plaintiff also seeks compensation for the grave harm she suffered and continues to suffer as a result of the illegal actions and omissions of the Defendants.

## II.   PARTIES

1. Pamela Trapasso is a citizen of the United States who resides at 609 Cambridge Street, Worcester, Massachusetts.

2. Upon information and belief, Carroll's, LLC is a Georgia foreign limited liability company authorized to do business, and doing business, within the Commonwealth of Massachusetts under the name of Carroll's Tire Company ("Carroll's" or "Carroll's LLC"). Upon information and belief, Carroll's is a distributor of private and major brand tires. Upon information and belief, Carroll's LLC is a wholly owned

subsidiary of TBC Corporation.  Upon information and belief, Carroll's principal

place of business is located at 4281 Old Dixie Highway, Hapeville, Georgia 30354.

During her employment with Defendants, Plaintiff worked at the Carroll Tire site

located at 6 Pullman Street, Worcester, MA 01606.

3.  Upon information and belief, TBC Corporation is a Delaware corporation, operating

   nationally as a vertically integrated marketer of tires.  Upon information and belief,

   Carroll's LLC is a wholly owned subsidiary of TBC Corporation.  Upon information

   and belief, TBC Corporation's warehouse and distribution operations include

   company-operated warehouse and distribution centers, including those operating in

   the Commonwealth of Massachusetts, and including those operating under the name

   "Carroll's."  Upon information and belief, TBC Corporation's headquarters are

   located at 3400 TBC Way, Palm Beach Gardens, Florida.

4.  James Hallenbeck is a management employee of Carroll's LLC.  Mr. Hallenbeck was

   the Branch Manager of Carroll's LLC, and Plaintiff's immediate supervisor at times

   relevant to this complaint.  Upon information and belief, Mr. Hallenbeck was

   promoted to Regional Manager.

5.  Richard Stacey is a management employee of Carroll's, LLC who worked in the

   Worcester office of Carroll's.  Upon information and belief, Mr. Stacey was

   promoted to Branch Manager at Carroll Tire in late 2007, and continued as Branch

   Manager through Plaintiff's separation from employment in March 2008.

## III.   JURISDICTION AND VENUE

6.  This action arises under the Americans with Disabilities Act (ADA), as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12112 et seq. and M.G.L. c. 151B §4.

7.  Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331.

8.  Supplemental jurisdiction over Plaintiff's state law claims is invoked pursuant to 28 U.S.C. § 1367 as the claims arise out of the same transaction and occurrences as the Plaintiff's federal claims.

9.  Venue is proper in Worcester County as all the discriminatory employment practices alleged in this complaint were committed in Worcester, within the County of Worcester in the Commonwealth of Massachusetts.

10. All conditions precedent to jurisdiction under the ADA and M.G.L. c. 151B have occurred or been complied with:

    a.  A charge of discrimination on the basis of Ms. Trapasso's disability and alleging retaliation was timely filed with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC") on October 1, 2008, within 300 days of the discriminatory actions alleged in the charge.

    b.  A request for dismissal and notification of rights was granted by the MCAD and this complaint is filed within 3 years of the discriminatory acts claimed in the MCAD charge.

c.   A request for dismissal and notification of right to sue was granted by the EEOC and this complaint is filed within 3 years of the discriminatory acts claimed in the original charge

## IV.   STATEMENT OF FACTS

11. Pamela Trapasso worked for the employer on a part-time basis from the date of her hire in November 2005, until her separation from employment on or about March 7, 2008.

12. Her duties consisted of payroll responsibilities, general office work, filing, accounts payable, limited responsibilities in accounts receivable, and answering phones.

13. At all times relevant to this complaint, Plaintiff was a qualified handicapped person able to perform the essential functions of her position, with or without a reasonable accommodation.

14. At all times, she performed her job duties in a satisfactory fashion.

15. Carroll's LLC employed, at all times relevant to this complaint, more than fifteen persons as employees, and is a "person" and "employer" within the meaning of M.G.L. c. 151B § 1 and an "employer" under 42 U.S.C. § 12111.

16. TBC Corporation employed, at all times relevant to this complaint, more than fifteen persons as employees, and is a "person" and "employer" within the meaning of M.G.L. c. 151B § 1 and an "employer" under 42 U.S.C. § 12111.

17. Mr. Hallenbeck is a "person" within the meaning of M.G.L. c. 151B § 1.

18. Mr. Stacey is a "person" within the meaning of M.G.L. c. 151B § 1.

19. During 2006, Ms. Trapasso generally worked part-time.  Her weekly schedule varied from approximately 20 to 24 hours per week.

20. Throughout early 2007, Ms. Trapasso assumed additional accounts receivable responsibilities and she began to average approximately four additional hours of work each week.

21. Some time in or around the summer of 2007, Ms. Trapasso asked Mr. Hallenbeck, the Branch Manager, if she could switch to working fulltime, as her hours had been increasing.

22. Mr. Hallenbeck denied Plaintiff's request for an increase of hours to full-time. Mr. Hallenbeck informed the Plaintiff that Carroll's LLC only hired office staff positions, such as the Plaintiff's, on a part-time basis.

23. On or about December 18, 2007, Ms. Trapasso was informed of her diagnosis of breast cancer. Her doctor told her that she would require surgery and post-operative treatment for her cancer.

24. On or about December 19, 2007, Ms. Trapasso informed her supervisor, Mr. Stacey, that she had been diagnosed with breast cancer. She further informed Mr. Stacey and Mr. Hallenbeck that she would need to take time off from work in order to undergo surgery, scheduled for January 14, 2008.

25. Plaintiff also informed Mr. Hallenbeck and Mr. Stacey that she would need to receive post-operative treatment for her cancer, in the form of chemotherapy and radiation therapy.

26. At that December 19th meeting, Mr. Stacey told Ms. Trapasso that she need not worry about her job, and that Defendants would "take care of her." Mr. Stacey also told Ms. Trapasso that she would be allowed to take any time off she needed for her illness.

27. At that December 19th meeting, Mr. Hallenbeck told Ms. Trapasso that the employer would accommodate her need for time off for cancer treatments.

28. On or about January 4, 2008, approximately one week after Ms. Trapasso informed her employer of her cancer diagnosis, upcoming surgery, and need for time off, the employer presented Ms. Trapasso with a letter dated January 4, 2008 informing her that her position had "grown to a full-time position." The letter had two lines for Ms. Trapasso to indicate whether she accepted or declined this new requirement to work full-time.

29. The offer contained in the letter dated January 4, 2008 made clear that her part-time position was being eliminated, and that the new position would require her to work a 40 hour per week schedule.

30. Defendants Stacey and Hallenbeck made clear to Ms. Trapasso that if she did not commit to working full-time, she would be replaced immediately.

31. Mr. Stacey presented Ms. Trapasso with the letter and told her to think about it.

32. Between January 4, 2009 and January 7, 2009, Ms. Trapasso continued to try to discuss with Mr. Hallenbeck and Mr. Stacey her work schedule, the "offer" of full-time employment and her upcoming surgery and treatments. Mr. Hallenbeck and Mr. Stacey insisted that Ms. Trapasso accept or decline her employer's offer of a full-time position prior to her going out on medical leave for surgery, without exploration of other alternatives.

33. During these four days, Ms. Trapasso repeatedly attempted to engage Mr. Hallenbeck and Mr. Stacey in a discussion regarding the company's desire to eliminate her part-time position and replace it with a full-time position.

34. During these four days, Ms. Trapasso repeatedly informed her employer that due to her current medical condition, she was concerned she would be physically incapable of working full-time during her post-surgery recovery period, and during her chemotherapy and radiation treatments.

35. Each time Plaintiff was pressured to provide the employer with a response to its offer of a full-time position, Plaintiff attempted to explain her reluctance to immediately commit to this increased work schedule during her period of post-surgical treatment and recovery.

36. On multiple occasions, Ms. Trapasso explained that, due to the handicap created by her active treatment regimen for her cancer, she feared she could not commit to a 40-hour work week.

37. Ms. Trapasso attempted to engage in an interactive dialogue with her employer regarding various, alternative accommodations to her handicap.

38. Ms. Trapasso explored several alternatives with her employer in an attempt to preserve her employment. She asked her employer if she could "job share" with a new employee. She asked if her employer would allow her to work 32 hours per week rather than 40. She asked her employer to await a final decision until she had recovered from surgery and had begun her cancer treatments, so that she could better assess her capabilities and the impact of working full-time upon her health.

39. Defendants rejected each of the alternatives suggested by Ms. Trapasso, and described in ¶ 38.

40. The employer did not explain to Ms. Trapasso why any of the suggested alternatives would impose an undue hardship on the business of the employer.

41. The employer did not offer or explore any alternative accommodations to Plaintiff's suggested accommodations.

42. The employer did not engage in a good faith interactive dialogue regarding what alternative accommodations in the terms and conditions of Ms. Trapasso's employment could be adopted, which would not impose an undue hardship on the employer's business.

43. Other than the time off requested for her surgery, Defendants failed to offer the Plaintiff short-term leave, including intermittent leave, during her post-operative treatments and recovery period.

44. Defendants did not offer the Plaintiff additional time to see if she could progressively increase her hours to full-time work, notwithstanding her disability.

45. Defendants did not offer Ms. Trapasso more time to determine if a full-time schedule was in fact essential to perform any of the alleged additional responsibilities of her position.

46. Defendants did not offer to remove from Plaintiff's duties, on a temporary basis, any marginal or non-essential duties.

47. Ms. Trapasso returned from her medical leave for her surgery on January 21, 2008. She continued to work for the employer approximately 20 hours per week until on or about March 7, 2008.

48. During the period from January 21 until her termination on March 7, 2008, Ms. Trapasso was able to complete the duties of the position in the approximately 20 hours per week that she was on the job.

49. During the period from January 21 until on or about March 7, 2008, Defendants required Ms. Trapasso to train her replacement.

50. On or about March 7, 2008, when Ms. Trapasso had successfully trained her replacement, she was terminated.

51. At the time of her separation from employment, Ms. Trapasso was asked to sign an employment separation form, which indicated that the reason for her separation was "layoff." After Ms. Trapasso signed the separation form, the employer changed the designation on the form from "layoff" to "resignation: RWKCON – working conditions, hours or people." Said change in the reason for separation was done without her consent or knowledge.

52. As a result of Defendants' acts and omissions, Ms. Trapasso has suffered, and continues to suffer, emotional harm and damages.

## V.   CLAIMS FOR RELIEF

### First Claim (Against Carroll's LLC And TBC Corporation): Violation of 42 U.S.C. § 12101 et seq. – Discrimination On Account Of Disability

53. Plaintiff repeats the allegations set forth in paragraphs 1 through 52 above, and incorporates those allegations as if fully set forth herein.

54. At all times stated herein, Ms. Trapasso was an individual with a disability and/or handicap, or regarded as an individual with a disability of handicap within the meaning of M.G.L. c. 151B, § 1 and Title I of the American with Disabilities Act, 42 U.S.C. § 12102, in that she had and/or have a physical or mental impairment that substantially limited one or more of her major life activities.

55. At all times stated herein, Ms. Trapasso was a qualified individual with a disability and/or handicap within the meaning of Title I of the American with Disabilities Act, 42 U.S.C. § 12111, in that she was a disabled individual who, with or without a reasonable accommodation, could perform the essential functions of her position.

56. Defendants Carroll's LLC and TBC Corporation violated Title I of the American with Disabilities Act, 42 U.S.C. § 12112, by dismissing Ms. Trapasso from employment and/or otherwise discriminating against her because of her disability.

57. The conduct of Defendants Carroll's LLC and TBC Corporation was willful and these Defendants engaged in the aforesaid conduct with reckless indifference to her rights and/or intentionally and wantonly violated Ms. Trapasso's rights under the law.

58. The discriminatory actions and omissions of the Defendants Carroll's LLC and TBC Corporation have caused, continue to cause and will cause Plaintiff to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses. Ms. Trapasso is requesting that she receive compensatory damages, punitive damages, costs of suit, attorney's fees, injunctive relief in the form of job reinstatement, and other appropriate relief.

### Second Claim (Against Carroll's LLC And TBC Corporation): Violation of 42 U.S.C. § 12101 *et seq.* – Discrimination on Account of Disability (Failure to Accommodate)

59. Plaintiff repeats the allegations set forth in paragraphs 1 through 52 above, and incorporates those allegations as if fully set forth herein.

60. At all times stated herein, Ms. Trapasso was an individual with a disability and/or handicap, or regarded as an individual with a disability of handicap within the meaning of M.G.L. c. 151B, § 1 and Title I of the American with Disabilities Act, 42 U.S.C. § 12102, in that she had and/or have a physical or mental impairment that substantially limited one or more of her major life activities.

61. At all times stated herein, Ms. Trapasso was a qualified individual with a disability and/or handicap within the meaning of Title I of the American with Disabilities Act, 42 U.S.C. § 12111, in that she was a disabled individual who, with or without a reasonable accommodation, could perform the essential functions of her position.

62. Defendants Carroll's LLC and TBC Corporation further violated Title I of the American with Disabilities Act, 42 U.S.C. § 12112, by not granting Ms. Trapasso's requests for reasonable accommodations.

63. These Defendants have not claimed that all possible accommodations would result in an undue hardship to the employer's business.

64. These Defendants further violated Title I of the American with Disabilities Act, 42 U.S.C. § 12112, by failing to engage in good faith in an interactive process concerning possible reasonable accommodations and/or by failing to provide Ms. Trapasso with or otherwise consider any reasonable accommodations.

65. The conduct of Defendants Carroll's LLC and TBC Corporation was willful and these Defendants engaged in the aforesaid conduct with reckless indifference to her rights and/or intentionally and wantonly violated Ms. Trapasso's rights under the law.

66. The discriminatory actions and omissions of the Defendants Carroll's LLC and TBC Corporation have caused, continue to cause and will cause Plaintiff to suffer

substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses. Ms. Trapasso is requesting that she receive compensatory damages, punitive damages, costs of suit, attorney's fees, injunctive relief in the form of job reinstatement, and other appropriate relief.

### Third Claim (Against Carroll's LLC and TBC Corporation): Violation of 42 U.S.C. § 12101 *et seq.* – Retaliation

67. Plaintiff repeats the allegations set forth in paragraphs 1 through 66 above, and incorporates those allegations as if fully set forth herein.

68. The actions of Defendants Carroll's LLC and TBC Corporation in retaliating against Plaintiff for exercising her right to reasonable accommodations due to her disability constitute unlawful discrimination against Plaintiff on the basis of her qualifying disability, in violation of Title I of the American with Disabilities Act, 42 U.S.C. § 12102.

69. The conduct of Defendants Carroll's LLC and TBC Corporation was willful and these Defendants engaged in the aforesaid conduct with reckless indifference to her rights and/or intentionally and wantonly violated Ms. Trapasso's rights under the law.

70. The discriminatory actions and omissions of the Defendants Carroll's LLC and TBC Corporation have caused, continue to cause and will cause Plaintiff to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses. Ms. Trapasso is requesting that she receive compensatory damages, punitive damages, costs of suit,

13

attorney's fees, injunctive relief in the form of job reinstatement, and other
appropriate relief.

**Fourth Claim (Against Carroll's LLC And TBC Corporation):**
**Discrimination Based on Disability in Violation of M.G.L. c. 151B, § 4 (16).**

71. Plaintiff repeats the allegations set forth in paragraphs 1 through 52 above, and
    incorporates those allegations as if fully set forth herein.

72. At all times stated herein, Ms. Trapasso was an individual with a handicap, or
    regarded as an individual with a handicap within the meaning of M.G.L. c. 151B, § 1,
    in that she had and/or has a physical or mental impairment that substantially limited
    one or more of her major life activities.

73. At all times stated herein, Ms. Trapasso was a qualified individual with a handicap
    within the meaning of M.G.L. c. 151B, § 1, in that she was a handicapped individual
    who, with or without a reasonable accommodation, could perform the essential
    functions of her position.

74. Defendants Carroll's LLC and TBC Corporation violated M.G.L. c. 151B, § 4(16) by
    dismissing Ms. Trapasso from employment and/or otherwise discriminating against
    her because of her handicap.

75. The conduct of Defendants Carroll's LLC and TBC Corporation was willful and these
    Defendants engaged in the aforesaid conduct with reckless indifference to Ms.
    Trapasso's rights and/or intentionally and wantonly violated Ms. Trapasso's rights
    under the law.

76. The discriminatory actions and omissions of the Defendants Carroll's LLC and TBC
    Corporation have caused, continue to cause and will cause Plaintiff to suffer
    substantial damages for lost wages and income, the loss of employment benefits, and

14

other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses. Ms. Trapasso is requesting that she receive compensatory damages, punitive damages, costs of suit, attorney's fees, injunctive relief in the form of job reinstatement, and other appropriate relief.

## Fifth Claim (Against Carroll's LLC And TBC Corporation): Discrimination on Account of Disability (Failure to Reasonably Accommodate) Under M.G.L. c. 151B.

77. Plaintiff repeats the allegations set forth in paragraphs 1 through 52 above, and incorporates those allegations as if fully set forth herein.

78. At all times stated herein, Ms. Trapasso was an individual with a handicap, or regarded as an individual with a handicap within the meaning of M.G.L. c. 151B, § 1, in that she had and/or has a physical or mental impairment that substantially limited one or more of her major life activities.

79. At all times stated herein, Ms. Trapasso was a qualified individual with a handicap within the meaning of M.G.L. c. 151B, § 1, in that she was a handicapped individual who, with or without a reasonable accommodation, could perform the essential functions of her position.

80. Defendants Carroll's LLC and TBC Corporation violated M.G.L. c. 151B, § 4(16) by not granting Ms. Trapasso's requests for reasonable accommodation.

81. Defendants Carroll's LLC and TBC Corporation failed to explore whether they could have provided Ms. Trapasso with one or more of these accommodations without an undue hardship to the employer's business.

82. These Defendants further violated M.G.L. c. 151B, § 4(16) by failing to engage in good faith in an interactive process concerning possible reasonable accommodations, including those accommodation suggested by Ms. Trapasso and/or any additional accommodations which Defendants could have made available.

83. The conduct of Defendants Carroll's LLC and TBC Corporation was willful and the Defendants engaged in the aforesaid conduct with reckless indifference to her rights and/or intentionally and wantonly violated Ms. Trapasso's rights under the law.

84. The discriminatory actions and omissions of the Defendants Carroll's LLC and TBC Corporation have caused, continue to cause and will cause Plaintiff to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses. Ms. Trapasso is requesting that she receive compensatory damages, punitive damages, costs of suit, attorney's fees, injunctive relief in the form of job reinstatement, and other appropriate relief.

### Sixth Claim (Against Mr. Hallenbeck and Mr. Stacey): Violation of M.G.L. c. 151B, § 4(4a) Interference.

85. Plaintiff repeats the allegations set forth in paragraphs 1 through 52, and 71 through 84 above, and incorporates those allegations as if fully set forth herein.

86. Defendants Hallenbeck and Stacey violated M.G.L. c. 151B, § 4(4A) by coercing, intimidating, threatening or interfering with the exercise of Ms. Trapasso's rights under M.G.L. c. 151B for seeking exercise or enjoyment of her legal rights under M.G.L. c. 151B as outlined above.

16

87. The discriminatory actions and omissions of Defendants Hallenbeck and Stacey have caused, continue to cause and will cause Plaintiff to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses. Ms. Trapasso is requesting that she receive compensatory damages, punitive damages, costs of suit, attorney's fees, injunctive relief in the form of job reinstatement, and other appropriate relief.

**Seventh Claim (Against All Defendants):**
**Violation of M.G.L. c. 151B, § 4(5) Aiding and Abetting.**

88. Plaintiff repeats the allegations set forth in paragraphs 1 through 52 and 71 through 87 above, and incorporates those allegations as if fully set forth herein.

89. The Defendants violated M.G.L. c. 151B, § 4(5) by aiding, abetting, inciting, compelling and/or coercing the doing of acts forbidden under M.G.L. c. 151B and/or attempting to do so.

90. The discriminatory actions and omissions of the Defendants have caused, continue to cause and will cause Plaintiff to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses. Ms. Trapasso is requesting that she receive compensatory damages, punitive damages, costs of suit, attorney's fees, injunctive relief in the form of job reinstatement, and other appropriate relief.

**Eighth Claim (Against All Defendants):**
**Violation of M.G.L. c. 151B, § 4 for Disability Based Retaliation.**

91. Plaintiff repeats the allegations set forth in paragraphs 1 through 52 and 71 through 90 above, and incorporates those allegations as if fully set forth herein.

92. Defendants' retaliation against Plaintiff for exercising her rights to be free from discrimination and to seek reasonable accommodations due to her disability constitutes unlawful discrimination against Plaintiff on the basis of her qualifying disability, in violation of M.G.L. c. 151B, § 4(4).

93. The discriminatory actions and omissions of the Defendants have caused, continue to cause and will cause Plaintiff to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses. Ms. Trapasso is requesting that she receive compensatory damages, punitive damages, costs of suit, attorney's fees, injunctive relief in the form of job reinstatement, and other appropriate relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court issue an Order(s):

1.  Invoking supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367;

2.  Finding that the Defendants violated the Plaintiff's rights under M.G.L. c. 151B and 42 U.S.C. §12102, *et seq.*;

3.  Holding the Defendants jointly and severally liable to Plaintiff for an appropriate award of damages;

4.  Awarding appropriate injunctive relief;

5.  Awarding to the Plaintiff compensatory damages in an amount to be determined at trial in this matter, plus appropriate interest on any such award;

6.  Requiring the employer to fully  restore, back to the date of termination,  any life insurance, dental, medical, disability and other benefits which were a part of Plaintiff's previous benefit package;

7.  Awarding punitive damages to the Plaintiff in an amount to be determined at trial in this matter;

8.  Granting to plaintiff the costs of maintaining this action, including a reasonable attorney's fee;

9.  Granting Plaintiff's request for a Trial by Jury; and

10. Granting such other and further relief as the Court deems just and proper.

Respectfully Submitted
For the Plaintiff,

Melissa Pomfred, Esq.
BBO# 665682
Legal Assistance Corporation of
Central Massachusetts
405 Main St., 4th Fl.
Worcester, MA  01608
P: (508) 752-3718 ext. 356
F: (508) 752-5918
mpomfred@laacm.org

5/18/2010
Date

Patti A. Prunhuber, Esq.
BBO# 544918
Legal Assistance Corporation of
Central Massachusetts
405 Main St., 4th Fl.
Worcester, MA  01608
P: (508)752-3718, ext. 311
F: (508) 752-5918
pprunhuber@laccm.org

20

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

|  |  |
|---|---|
| PAMELA TRAPASSO, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| CARROLL'S LLC, d.b.a. CARROLL ) | |
| TIRE COMPANY, TBC CORPORATION, ) | |
| JAMES HALLENBECK, and ) | |
| RICHARD STACEY, ) | |
| Defendants. ) | |

## CLAIM FOR JURY TRIAL

The plaintiff claims a trial by jury.

Respectfully Submitted
For the Plaintiff,

_5/18/2010_
Date

_Melissa Pomfred_
Melissa Pomfred, Esq.
BBO# 665682
Legal Assistance Corporation of
Central Massachusetts
405 Main St., 4th Fl.
Worcester, MA  01608
P: (508) 752-3718
F: (508) 752-5918
mpomfred@laacm.org

21

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### CENTRAL DIVISION

```
                                    )
                                    )
PAMELA TRAPASSO,                    )
        Plaintiff,                  )
                                    )
v.                                  )        Civil Action No.
                                    )
CARROLL'S LLC, d.b.a. CARROLL       )
TIRE COMPANY, TBC CORPORATION,  )
JAMES HALLENBECK, and               )
RICHARD STACEY,                     )
        Defendants.                 )
                                    )
                                    )
```

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Legal Assistance Corporation of Central Massachusetts states that it is a non-profit corporation exempt from taxation pursuant to Section 501(c)(3) of the Internal Revenue Code and is not a publicly held corporation that issues stock. It has no parent corporation.

Respectfully Submitted
For the Plaintiff,

_____
5/18/2010

Date

_____

Melissa Pomfred, Esq.
BBO# 665682
Legal Assistance Corporation of
Central Massachusetts
405 Main St., 4th Fl.
Worcester, MA  01608
P: (508) 752-3718
F: (508) 752-5918
mpomfred@laacm.org